995 F.2d 1066
 62 Fair Empl.Prac.Cas. (BNA) 1896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marie BLEVINS, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
and
Diane Claypool and Cathren Wirebaugh, individually and on
behalf of all others similarly situated, Plaintiffs
v.
GENERAL ELECTRIC COMPANY; International Union of
Electronic, Electrical, Salaried Machine and
Furniture Workers, AFL-CIO; Local 704,
IUE, AFL-CIO Defendants-Appellees
 No. 92-3606.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1993.
 
 Before: RYAN and SURHEINRICH, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Marie Blevins, Diane Claypool, and Cathren Wirebaugh brought this Title VII action against General Electric Company (GE) and the unions which negotiated the collective bargaining agreement to which they are subject. The named plaintiffs brought the action on behalf of all female employees at GE's lamp plant in Bucyrus, Ohio who were disqualified for promotion because they failed a mechanical skills test, and alleged sex discrimination in promotion practices based upon the use of that test. The district court granted summary judgment for the defendants, based upon plaintiffs' failure to timely file discrimination charges with the Ohio Civil Rights Commission (OCRC) or the Equal Employment Opportunity Commission (EEOC). Marie Blevins appeals on various grounds,[1] and we affirm.
 
 
 2
 The hourly jobs at GE's lamp plant are classified from R-7 to R-21, with higher numbers denoting higher skill requirements and rates of pay. In order to become eligible for promotion to a skilled mechanical job, classified as R-16 and above, an employee must pass the Mechanical Adjuster Test Battery ("MATB"). An employee may take the test upon request, and learns immediately whether he or she has passed. If the employee fails, then he or she must complete a mechanical skills course and wait a year before retaking the test.
 
 
 3
 Marie Blevins was an unskilled R-7 employee at the lamp plant who took and failed the MATB on May 13, 1987. She did not request to take the test again. Due to a lack of work in the R-7 classification, Blevins and other named plaintiffs were laid off for prolonged periods in 1990 and 1991. During the same time period, R-16 positions were readily available. However, since Blevins had previously failed the MATB, she was not considered for those positions. Instead, GE contacted and hired males from outside the company who had previously passed the MATB at other locations.
 
 
 4
 Following a 1991 layoff, the named plaintiffs filed charges on April 26, 1991 of discrimination with the EEOC and the OCRC. The plaintiffs did not allege that the layoff itself was discriminatory, but instead alleged that the discriminatory administration and use of the MATB caused them to remain in unneeded R-7 positions and prevented them from being considered for R-16 positions. After receiving right to sue letters, plaintiffs filed suit on November 8, 1991.
 
 
 5
 Title VII of the Civil Rights Act of 1964 requires a plaintiff to file a charge of discrimination in a "deferral state," such as Ohio, within three hundred (300) days of the time when the alleged discriminatory act occurred. 42 U.S.C. § 2000e-5(e). The district court held that plaintiffs' suit was untimely because the alleged discriminatory act, the administration of the MATB to the plaintiffs, occurred more than three hundred days prior to the time that plaintiffs filed charges with the OCRC. On appeal, Blevins first argues that she alleged at least one discriminatory act within the relevant time period. We disagree.
 
 
 6
 Blevins alleged "continued use" of the MATB and that the actions and practices undertaken by the defendants were "on-going" in her Amended Complaint. Furthermore, Blevins alleged in a deposition that males were hired at GE during periods when she and other female employees were laid off. A review of these allegations reveals that none of them amount to a specific discriminatory act against the plaintiffs within the relevant time period. Instead, all relate to the administration and use of the MATB. For example, Blevins does not complain of the hiring of males per se, but instead complains that GE selected qualified males who had passed the MATB for the R-16 positions instead of selecting her or other unqualified females who had not passed the MATB.
 
 
 7
 The limitations periods for Title VII actions "begin to run in response to discriminatory acts themselves, not in response to the continuing effects of past discriminatory acts." Dixon v. Anderson, 928 F.2d 212, 216 (6th Cir.1991) (emphasis original). It is clear that the sum and substance of plaintiffs' complaint is that the MATB has a disparate impact on women who seek promotions to skilled mechanical positions in the plant. However, the discriminatory act occurred when the defendants made their decision not to promote the plaintiffs and plaintiffs were effectively put on notice of that decision. Dixon, 928 F.2d at 218. In Blevins' case, that decision occurred well outside the relevant time period, in May 1987, when she took and failed the MATB and was removed from consideration for promotion to the skilled positions. We agree with the district court that plaintiffs' remaining allegations all concern the "continued use" of the MATB and may be characterized as no more than continuing effects of the past allegedly discriminatory act. If plaintiffs believed that the use of the MATB to determine their eligibility for promotion was discriminatory, they should have filed a charge within three hundred days of their failure of the MATB. The filing of Title VII claims several years after that act was untimely.
 
 
 8
 Blevins additionally argues on appeal that her action falls within an exception to the 300-day limitation rule, because she alleges a "continuing violation." See EEOC v. Penton Industrial Publishing Co., Inc., 851 F.2d 835, 838 (6th Cir.1988). We affirm the district court's holding that Blevins' allegations do not fall within either of the two narrowly limited categories of "continuing violations" which toll the running of the statute of limitations in employment discrimination cases.
 
 
 9
 As succinctly described by the district court:
 
 
 10
 "The first category arises where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation." Dixon v. Anderson, 928 F.2d 212, 216 (6th Cir.1991) (citing Penton, 851 F.2d at 838). To constitute a continuing violation under this category, "at least one of the forbidden discriminatory acts must have occurred within the relevant time period." Dixon, 928 F.2d at 216. Moreover, the acts of discrimination that occur within the critical time period must be "related to the time-barred incident." Held v. Gulf Oil Co., 684 F.2d 427, 430 (6th Cir.1982).
 
 
 11
 The second category of continuing violations arises when the discriminatory acts are a part of "a longstanding and demonstrable policy of discrimination." Dixon, 928 F.2d at 217 (citing Penton, 851 F.2d at 838). The mere existence of an "over-arching policy of discrimination" is not sufficient to toll the running of the statute of limitations. Rather, "there must be a specific allegedly discriminatory act against the plaintiff within the relevant limitations period." Dixon, 928 F.2d at 217; Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989).
 
 
 12
 Blevins v. The General Electric Company, Civ. No. 5:91 CV 2276, pp. 6-7 (1992); see also Haithcock v. Frank, 958 F.2d 671, 678 (6th Cir.1992).
 
 
 13
 Plaintiffs' allegations do not fall within the first continuing violation category, because the only specific discriminatory act alleged by plaintiffs was their removal from consideration for the skilled mechanical positions, based upon their failure of the MATB. Although plaintiffs argue that each day that defendants hired males who passed the MATB rather than females who previously failed the test constituted a new "continuing violation," the continued use of the MATB for promotional decisions is in this instance merely a continuing effect of the defendants' initial decision to exclude plaintiffs for consideration from the skilled positions. Plaintiffs admitted that they were aware that they would not be considered for the R-16 positions once they were notified that they had failed the MATB. Once the decision was made to separate plaintiffs from the class of persons eligible for promotion based upon their failure of the MATB, the defendants' criteria operated neutrally. See Dixon v. Anderson, supra, at 216-217.
 
 
 14
 For similar reasons, plaintiffs' allegations do not fall within the second category of continuing violations. We have previously recognized that "repeated attempts to gain employment or promotion may each trigger the running of a new limitations period" where there has been a long-standing policy of discrimination, Roberts v. North American Rockwell Corp., 650 F.2d 823, 827 (6th Cir.1981). However, in this case Blevins did not seek to retake the MATB during the limitations period, nor did she otherwise seek promotion during that period, since she was not qualified for promotion to the R-16 positions. See Dixon v. Anderson, supra, at 217.
 
 
 15
 The district court additionally held that the plaintiffs' state law claim under O.R.C. § 4112.99 was barred by the relevant statute of limitations. Although no state court had ruled on the issue at the time of the district court's decision, the district court held that the relevant statute of limitations for bringing a private action under O.R.C. § 4112.99 was one or two years. Regardless of which limitations period applies, we affirm the district court's holding that plaintiffs' action was untimely for the same reasons the action was untimely under federal law; that is, plaintiffs have failed to allege a "continuing violation" or any specific discriminatory act within the relevant limitations period.
 
 
 16
 Blevins' final assertion of error concerns the district court's refusal to grant a third extension of time in which to respond to the defendants' motions for summary judgment. Notwithstanding the court's refusal to grant a third extension of time, the plaintiffs filed a brief in opposition to the motions. Although we find no abuse of discretion in the district court's ruling, we also find Blevins' argument to be without merit because the district court expressly stated that it was considering plaintiffs' untimely brief in the Memorandum and Order granting defendants' motions.
 
 
 17
 For the reasons discussed herein, we affirm.
 
 
 
 [1]
 The Notice of Appeal in this case is captioned "Marie Blevins, et al., Plaintiffs." This notice brings only Marie Blevins before this court under our en banc holding in Minority Employees of the Tennessee Dep't of Employment Security, Inc. v. Tennessee Dep't of Employment Security, 901 F.2d 1327 (6th Cir.), cert. denied, 498 U.S. 878 (1990). See also Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Jones v. Cassens Transport, 982 F.2d 983, 984 (6th Cir.1993). Accordingly, we lack jurisdiction to consider the contentions of original plaintiffs Diane Claypool and Cathren Wirebaugh on this appeal