**Frank Heston LUCKETT, Sr., Plaintiff,**

v.

**Judge Kenneth TURNER and Referee Claudia Haltom, Defendants.**

No. 97–2522V.

United States District Court, W.D. Tennessee, Western Division.

Feb. 20, 1998.

William A. Cohn, The Cohn Law Firm, Cordova, TN, for Plaintiff.

Robert B. Rolwing, Kathleen Spruill, County Attorney's Office, Memphis, TN, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

VESCOVO, United States Magistrate Judge.

Before the court is the defendants' motion to dismiss or, in the alternative, for summary judgment filed January 2, 1997. The defendants argue the plaintiff has failed to state a claim upon which relief can be granted.[1] The parties have consented to the trial of this case before the undersigned United States Magistrate Judge.

### FACTS

Frank Luckett, plaintiff in this action, has filed suit against Judge Turner and Referee Haltom, both of the Shelby County Juvenile Court, under 42 U.S.C. § 1983 for violating his "Fifth Amendment Due Process Rights and Fourteenth Amendment Equal Protection Rights." (Amended Complaint "Am.

Com." ¶ 10.) The plaintiff also alleges that the defendant's actions were in violation of his rights under Article I, Sections 8 and 9 of the Tennessee State Constitution.

■ According to the Amended Complaint, the plaintiff was cited to appear in Juvenile Court to respond to "an accusation that child support failed to have been paid."[sic] (Am.Com.¶ 6.) Plaintiff avers that he had a "meritorious defense to allow him to have credit for the amount of child support to be paid even though he could not be forgiven for said child support." (Am.Com.¶ 7.) The plaintiff claims, however, that he was not aware that the petitioner had an attorney until ten minutes prior to the hearing. *Id.* The plaintiff then states, "plaintiff's attorney requested a continuance and stated good cause, which under the statutes of the State of Tennessee must be granted." (*Id.*) Referee Haltom declined to grant the plaintiff's request for continuance and "declined to set another hearing date jailed and incarcerated until he posted a bond of $200.00 which is equal to one month's child support." (*Id.* at ¶ 8.)[2]

### DISCUSSION

In deciding a motion under Rule 12(b)(6), the court must accept the allegations in the complaint as true, and construe them in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint may not be dismissed for failure to state a claim unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would

---

1. The defendants also claim the plaintiff failed to provide sufficient information in the pleadings, failed to properly allege inadequate state remedies and further contend their actions are protected from suit by the doctrine of judicial immunity. Because the court grants the motion to dismiss for failure to state a claim, it is unnecessary to decide these issues.

2. The original complaint filed in this matter gives a slightly different version of the events. The earlier version stated "said referee then failed to conduct a hearing allowing testimony and Ordered the plaintiff to be jailed and incarcerated until he posted. . . ." The earlier version seems to suggest that the plaintiff did not have an opportunity to be heard at all but the amended com-

plaint omitted the phrase about a hearing. The amended complaint supercedes the prior complaint and the original complaint cannot be used to cure defects in the amended pleading. *See* 6 Charles A. Wright, Arthur R. Miller and Mary Kay Kane § 1476, *Effect of an Amended Pleading.*

The plaintiff's "Response to Motion Dismiss or for Summary Judgment on Behalf of the Defendants" [sic] filed on January 30, 1998, makes somewhat different allegations. There the plaintiff clearly alleges that the referee "did not hold a hearing or trial, did not allow the presentation of witnesses and sentenced the plaintiff to jail." (Response at 1–2). However, the court must decide a motion to dismiss based on the allegations in the complaint.

entitle it to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore, the court will limit its consideration of the sufficiency of plaintiff's allegations to the averments in the amended complaint.

■ As an initial matter the defendants argue the plaintiff has failed to state a claim upon which relief may be granted. Rule 8 of the Federal Rules of Civil Procedure imposes minimal requirements for the sufficiency of a complaint. In order to state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) deprivation of this federal right while defendant was acting "under color of law." *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

### Judge Turner

■ The plaintiff has failed to allege any action on the part of Judge Turner which could possibly form the basis of a § 1983 claim. As concerns Judge Turner, the complaint states only that Haltom was "acting under the supervision and authority of said defendant Kenneth Turner." (Am.Com.¶ 3.)

■ Under § 1983, there is no supervisory responsibility unless there is an "affirmative link between the occurrence of the various incidents of ... misconduct and the adoption of any plan or policy by [the supervisor]—express or otherwise—showing their authorization or approval of such misconduct." *Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In *Rizzo,* the Supreme Court rejected the idea that supervisory liability under § 1983 can attach on the basis of respondeat superior, holding that the mere failure to act is not a sufficient basis for liability. Instead, officials are personally liable in damages only for their own unconstitutional behavior. "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson,* 668 F.2d 869, 872 (6th Cir.1982). The failure of a supervisory official to supervise or control an alleged wrongdoer is not actionable absent a showing that the official either encouraged or in some way directly participated in the misconduct. The plaintiff must allege and demonstrate that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the employee. *Hays,* 668 F.2d at 874. There is no claim in this case that Judge Turner either encouraged or directly participated in any conduct of Referee Haltom. Accordingly, the plaintiff has failed to state a claim against Judge Turner and the motion to dismiss with respect to this defendant is granted.

### Referee Haltom

As to the plaintiff's claims based on the conduct of Referee Haltom, the complaint alleges that she "acted in her position as Juvenile Court Referee." (Am.Com.¶ 8.) This allegation would satisfy the second requirement for pleading a § 1983 claim in that the plaintiff must show that the defendant was acting under color of state law when she deprived plaintiff of a federal right. However, the plaintiff has not satisfied the first requirement of alleging the deprivation of rights secured by the constitution and laws of the United States.

Haltom's conduct complained of in the amended complaint is limited to the statement "The defendant ... declined to continue the case upon presentation of good cause for said continuance and declined to set another hearing date jailed and incarcerated until he posted a bond...." (Am.Com.¶ 8.) The plaintiff appears to be claiming to have a constitutional right to a continuance. There are no allegations in the complaint concerning the circumstances that led to the plaintiff's incarceration other than the refusal to continue the case and the fact plaintiff was incarcerated. The mere fact that the plaintiff was incarcerated is certainly not in itself a constitutional violation. Moreover, the plaintiff has also failed to state what his "good cause" was for requesting the continuance.

■ The complaint does allege that the defendant's actions violated his "Fifth Amendment Due Process Rights." This clause of the Fifth Amendment, however,

applies to the federal government and not to the states. Section 1983 is concerned with violations of federal rights protected against state interference. Absent incorporation through the Fourteenth Amendment, the Fifth Amendment's due process clause does not proscribe conduct by state actors. Many of the prohibitions in the Fifth Amendment have been made applicable to the states through the doctrine of selective incorporation, however the due process clause is not one of them.[3] Therefore, allegations that a juvenile court referee, which is a position created by state statute, violated the plaintiff's Fifth Amendment Due Process rights will not state a claim under § 1983. *See* Tenn.Code Ann. § 37–1–107 (1996).

■ The plaintiff also alleges the defendant violated his "Fourteenth Amendment Equal Protection Rights." (Am.Com.¶ 10). In order to establish liability under § 1983 for a denial of equal protection, the plaintiff must show that the defendant acted with a nefarious discriminatory purpose and discriminated against him based on his membership in a definable class. *See Nabozny v. Podlesny,* 92 F.3d 446, 453 (7th Cir.1996) (citations omitted). As the Seventh Circuit explained:

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation.

*Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir.1982).

In the instant case the plaintiff has made no allegations of discriminatory intent, or of membership in a definable and protected class. Merely claiming violation of a particular constitutional provision will not state a claim.

■ The plaintiff also alleges violation of Article I, Section 8 and Section 9 of the Tennessee State Constitution. It is not clear whether the plaintiff is attempting to allege this as a separate cause of action, or as a

violation which would support a claim under § 1983. As to the first possibility, the court is without subject matter jurisdiction to adjudicate such a claim, if any such claim in fact exists. If the plaintiff is attempting the second possibility, such a claim is not cognizable under § 1983. The statute is meant to provide a cause of action for violations of federally created rights, not state constitutions. *See Moore v. Kusper,* 465 F.2d 256, 258 (7th Cir.1972); *Magnuson v. Cassarella,* 812 F.Supp. 824, 830 n. 5 (N.D.Ill.1992).

In sum, the complaint fails to state a claim under § 1983. Defendants' Motion to Dismiss is accordingly granted.

IT IS SO ORDERED.

---

**3.** *See Spevack v. Klein,* 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967)(privilege against self incrimination held applicable to states); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)(double jeopardy clause). *But see, Peters v. Kiff,* 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972)(requirement of grand jury indictment not applicable to states).