Willie M. PARKS;  Tommy Winfield;
Ricky Granderson, Plaintiffs–
Appellants,

v.

FEDERAL EXPRESS
CORPORATION, Defendant–Appellee.

No. 99–5827.

United States Court of Appeals,
Sixth Circuit.

Jan. 4, 2001.

Before SUHRHEINRICH and CLAY, Circuit Judges; BATTANI, District Judge.*

PER CURIAM.

Plaintiffs appeal the dismissal as time-barred of their Title VII claims alleging racial discrimination. They contend their claims were timely because they alleged continuing violations. We AFFIRM the judgment of the district court.

## I. BACKGROUND

Plaintiffs Tommy Winfield, Ricky Granderson, and Willie M. Parks charged Defendant Federal Express Corporation with discrimination before the Equal Employment Opportunity Commission ("EEOC"), alleging failure to promote on the basis of race. On August 21, 1997, the EEOC issued a right to sue letter to each Plaintiff.

Plaintiffs sued Defendant twice. First, Plaintiffs sued Defendant on November 10, 1997. Their Complaint consisted of 77 pages of allegations and 147 pages of exhibits, for a total of 224 pages. Defendant moved to dismiss or strike Plaintiffs' Complaint because of its length. On January 28, 1998, the district court struck Plaintiffs' Complaint and allowed them 20 days, until February 17, 1998, to amend their Complaint to comply with the short and

plain statement requirements of Fed. R.Civ.P. 8. Instead of amending their Complaint, Plaintiffs dismissed their action and then sued Defendant a second time on March 16, 1998. Plaintiffs filed a First Amended Complaint on May 1, 1998.

In the First Amended Complaint, Plaintiffs allege that Defendant subjected them to a "racially hostile work environment" and engaged in a pattern of discriminatory promotional practices against Plaintiffs on the basis of their race. Specifically, Plaintiff Parks alleges that he was denied promotions because of his race in December 1982, December 1983, March 1988, May 1995, January 1996 and "late 1996." Plaintiff Winfield alleges that he was denied promotions because of his race in October 1993 and May 1995. Plaintiff Granderson alleges that he was denied promotions because of his race in October 1991, June 1992, October 1993, May 1995 and September 1995.

On May 18, 1998, Defendant moved to dismiss Plaintiffs' First Amended Complaint for failure to state a claim. On January 6, 1999, the district court dismissed Plaintiffs' Title VII claims as time-barred because they were not filed within ninety days after Plaintiffs received their right to sue letters. The district court did not find the Title VII claim amenable to equitable tolling. It also dismissed Winfield and Granderson's claims under 42 U.S.C. § 1981 and the Tennessee Human Rights Act ("THRA"), Tenn.Code Ann. §§ 4–21–10 et seq., as time-barred and not viable under the continuing violation doctrine. It further dismissed as time-barred all of Parks' § 1981 and THRA claims, except the alleged failure to promote in "late 1996," which occurred within the limi-

---

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

tation period. Finally, the district court dismissed all of Plaintiffs' racial harassment claims of a hostile work environment because the alleged conduct was not sufficiently severe or pervasive to create an objectively hostile work environment.

On January 14, 1999, Plaintiffs moved to alter or amend the dismissal order. The district court denied the motion but permitted Parks to pursue a continuing violation theory to support his claim of failure to promote in late "1996." On May 18, 1999, Parks dismissed his remaining § 1981 claim, which provided the predicate for federal jurisdiction. Declining to exercise its supplemental jurisdiction, the district court dismissed Parks' remaining THRA claim.

Plaintiffs appeal the dismissal of their failure to promote claims under § 1981, THRA, and Title VII.

## II. DISCUSSION

### A. Section 1981

Plaintiffs contend that their Section 1981 claims were timely because they alleged a pattern of discrimination that continued into the limitations period.

Section 1981 borrows the applicable limitations period of the forum state. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir.1992). Under the general Tennessee statute of limitations, § 1981 actions must be filed within one year after the cause of action accrued. "The following actions shall be commenced within one (1) year after the cause of action accrued: ... (3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes...." Tenn.Code Ann. § 28–3–104(a)(3) (Michie Supp.1999).

The continuing violation doctrine in Tennessee requires at least one allegedly discriminatory act within the applicable limitations period to which the time-barred conduct can be linked. *See Dixon v.. Anderson,* 928 F.2d 212, 217 (6th Cir.1991) ("there must be a specific allegedly discriminatory act against the plaintiff within the relevant limitations period"); *see also Blevins v. General Elec. Co.,* No 92–3606, 1993 WL 188381, at *2 (6th Cir. June 1, 1993)(unpublished per curiam); *Haithcock v. Frank,* 958 F.2d 671, 678 (6th Cir.1992); *Parrish v. Ford Motor Co.,* No. 91–5300, 1992 WL 20305, *3 (6th Cir. Feb. 7, 1992) (unpublished per curiam); *Bell v. Chesapeake & Ohio Ry. Co.,* 929 F.2d 220, 223 (6th Cir.1991).

Aside from the alleged discrimination against Parks that occurred in "late 1996," Plaintiffs have alleged no discriminatory conduct in their First Amended Complaint that occurred within one-year of filing Plaintiffs' November 10, 1997 Complaint. Further, Parks' allegation of discrimination in "late 1996" is no longer available because Parks voluntarily dismissed his remaining § 1981 claim predicated on that discrimination. The district court dismissed the accompanying THRA claim for lack of jurisdiction. Therefore, the continuing violation does not apply, and the § 1981 claim is time-barred.

Nevertheless, Plaintiffs urge this Court to adopt the dissent in *Dixon* that the continuing violation doctrine also applies to a longstanding policy of discrimination even without a discrete discriminatory act during the limitation period. Plaintiffs rely on three cases – *Dixon,* 928 F.2d at 218–21 (Jones, N., dissenting), *Parrish v. Ford Motor Co.,* No. 91–5300, 1992 WL 20305 (6th Cir. Feb. 7, 1992); *Roberts v. North Am. Rockwell Corp.,* 650 F.2d 823 (6th Cir.1981). Plaintiffs' reliance is misplaced. Clearly, the *Dixon* dissent does not control. Further, *Roberts* and *Parrish* each require a specific discriminatory act

within the limitations period. *See Roberts,* 650 F.2d at 852; *Parrish,* 1992 WL 20305 at *3.

## B. THRA

Plaintiffs maintain that their THRA claims are timely because Defendant's discriminatory policy of not promoting African–Americans continues to the present day. They assert that the one-year limitation period for THRA claims begins when the continuing pattern of discrimination ceases. Moreover, Plaintiffs contend that equitable estoppel should apply to toll the limitation period.

The statute of limitations for THRA claims does not differ significantly from the statute of limitations for § 1981 claims. THRA requires that "[a] civil cause of action ... shall be filed ... within one (1) year after the alleged discriminatory practice ceases." Tenn.Code Ann. § 4–21–311(d) (Michie 1998). This provision textually differs from Tennessee's general statute of limitations, which provides that "actions shall be commenced within one (1) year after the cause of action accrued." Tenn.Code Ann. § 28–3–104(a) (Michie Supp. 1999). However, the provisions are essentially the same "because both limitations periods are for one year and both incorporate the continuing violation theory, either through case law (T.C.A. § 28–3–104(a)) or implicit in the statutory language (T.C.A. § 4–21–311(d))." *Frazier v. Heritage Fed. Bank for Sav.,* 955 S.W.2d 633, 637 n. 2 (Tenn.Ct.App.1997) (citations omitted).

■ The doctrine of continuing violations for both THRA claims and § 1981 claims permits a plaintiff to obtain relief for a time-barred act by linking it in a series of related acts to one or more acts which falls within the limitations period. *See Spicer v. Beaman Bottling Co.,* 937 S.W.2d 884, 889 (Tenn.1996); *see also*

*Weber v. Moses,* 938 S.W.2d 387, 391 n. 4 (Tenn.1996); *Frazier,* 955 S.W.2d at 637 n. 2. The THRA statute of limitations does not relieve Plaintiffs of the requirement to identify a discriminatory act within the limitations period. *See Frazier,* 955 S.W.2d at 637; *Dixon,* 928 F.2d at 217; see also *Roberts,* 650 F.2d at 827–28; *Lindsey v. Allstate Ins. Co.,* 34 F.Supp.2d 636, 644 (W.D.Tenn.1999). Therefore, Plaintiffs THRA claims are barred.

## C. TITLE VII

■ Plaintiffs also contend that equitable tolling requires tolling the limitations period for their Title VII claims. Plaintiffs argue that the district court only considered whether Plaintiffs were diligent in filing an amended complaint but did not consider other relevant factors in deciding not to apply equitable tolling. A district court's application or rejection of equitable tolling is reviewed for abuse of discretion. *See Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998).

■ The federal courts rarely apply equitable tolling. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Graham–Humphreys v. Memphis Brooks Museum of Art,* 209 F.3d 552, 560 (6th Cir.2000). Usually, equitable tolling applies where a litigant does not meet a deadline due to circumstances beyond that litigant's control. See *Graham–Humphreys,* 209 F.3d at 560–61. Without compelling equitable considerations, a court should not extend limitations. *See id.* at 561. The Sixth Circuit uses five factors in assessing the appropriateness of applying equitable tolling. They are "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the de-

fendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt,* 148 F.3d at 648 (citation omitted).

■ Applying these factors, we find that equitable tolling does not apply here. Plaintiffs were aware of the filing requirements and yet they failed to file a timely complaint. We find that their failure was entirely due to their own lack of diligence and not attributable to Defendants or the court. The district court even allowed Plaintiffs an opportunity to correct their deficient complaint, but they chose not to do so.

Plaintiffs contend that they could amend their claim to supply the necessary facts to toll the limitation period. However, they have not identified any such facts and they no longer have a right to amend their Complaint. *See Hoover v. Langston Equip. Assocs., Inc.,* 958 F.2d 742, 746 (6th Cir.1992).

### D. PREVIOUS COMPLAINTS

Plaintiffs finally contend that the unique circumstances of this case required the district court to consider the Plaintiffs' factual allegations in their first complaint of November 10, 1997, and the original complaint in the present action, both of which supplied more allegations.

■ However, once Plaintiffs dismissed their original action against Defendant, it was a nullity for purposes of the current litigation. *See Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27 (6th Cir.1987). Further, Plaintiffs' First Amended Complaint in this case superseded their initial Complaint and cannot be used to repair defects in a subsequent complaint. *See Luckett v. Turner,* 18 F.Supp.2d 835, 837 n. 2 (W.D.Tenn.1998). Thus, only the First Amended Complaint was properly before the district court.

Further, Plaintiffs have not identified any factual allegations in the previous pleadings that demonstrate that dismissal of this action was improper. The district court was not required to examine the record to support Plaintiffs' case. *See InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989). Similarly, this Court is not required to locate facts in support of Plaintiffs' case. *See Sweeney v. West,* 149 F.3d 550, 555 n. 3 (7th Cir.1998).

### III. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.