NOT FOR PUBLICATION
File Name: 08a0113n.06
Filed: February 21, 2008

NO. 06-1817

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CLIFFORD DRAKE,

        Plaintiff-Appellant,

v.

CITY OF DETROIT, MICHIGAN;
DAVID BABCOCK; JOHN CARRAWAY;
CHRISTOPHER COLE; REUBEN FLUKER;
RICHARD M. KLYCE; JAMES JONES;
WILLIAM RICE; J. ROBBINS; MATTHEW
RYAN; SCOTT SPENCER; WILLIAM
WHITTEN; DETROIT POLICE OFFICERS
ASSOCIATION,

        Defendants-Appellees.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:    SUHRHEINRICH, COLE, and GIBBONS, Circuit Judges.

        **SUHRHEINRICH, Circuit Judge.**  Plaintiff-Appellant Clifford Drake ("Drake") sued

Defendants-Appellees the City of Detroit and police officers David Babcock, John Carraway,

Christopher Cole, Reuben Fluker, James Jones, William Rice, J. Robbins, Matthew Ryan, Scott

Spencer, and William Whitten (collectively "the Defendants"), alleging claims under 42 U.S.C. §

1983 and Michigan law.  The district court granted partial summary judgment for the Defendants on

all federal claims and ordered the parties to submit supplemental briefs on the issue of whether

Drake pleaded a federal malicious prosecution claim.  Drake failed to do so, but submitted an

untimely motion for reconsideration, as well as a motion for amendment of pleadings, which the

district court denied.  Drake filed another motion for reconsideration, which the district court again

denied, and Drake appeals from its denial. For the reasons that follow, we **AFFIRM**.

## I. Facts

On November 6, 1998, a magistrate of the 36th District Court in Detroit, Michigan issued a two-count felony complaint against Drake, charging him with: (1) assaulting Detroit Police Officer John Carraway with the intent to commit murder, in violation of Mich. Comp. Laws § 750.83; (2) taking a firearm from the lawful possession of Officer Carraway, in violation of Mich. Comp. Laws § 750.479b(2); and (3) possession of a firearm during an attempted felony, in violation of Mich. Comp. Laws § 750.83. A jury trial ensued, and on December 17, 1999, Drake was acquitted of all three charges.

On November 6, 2002, Drake filed a complaint in Michigan state court against the Defendants alleging claims under 42 U.S.C. § 1983 and state law. The complaint alleged that: on November 4, 1998, Officers John Caraway ("Caraway") and Scott Spencer ("Spencer") stopped Drake to interrogate him regarding a domestic disturbance; while attempting to arrest Drake on an outstanding warrant, Spencer "deliberately discharged his service revolver, accidently wounding" Caraway; Spencer then shot Drake while he was "on the ground and defenseless" "[i]n an intentional and deliberate effort to cover up for the accidental shooting" of Carraway; Spencer then implicated Drake in the shooting of Caraway in an "effort to conceal the accidental shooting of a fellow officer"; and the other named police officer defendants conspired to cover up Spencer's conduct.

The Defendants removed the suit to federal court and filed a motion for judgment on the pleadings. The district court granted the Defendants' motion and entered judgment for the Defendants. The district court later granted Drake's Motion for Relief from Judgment, and allowed him to file an amended complaint. Drake filed an amended complaint, ("First Amended

-2-

Complaint"), and the Defendants then filed a motion for summary judgment.

On April 10, 2006, the district court issued a written order: (1) granting in part Defendants' Motion for Summary Judgment; and (2) requiring supplemental briefing addressing the issues of: (i) whether Drake alleged a claim for malicious prosecution; and (ii) if so, whether the claim must fail since probable cause was established when the case was bound over for trial. The order specified that the supplemental briefs were due within twenty-one days. Drake never filed a supplemental brief as ordered by the district court.

On April 25, 2006, Drake filed a motion for reconsideration of the district court's April 10 order,[1] as well as a "motion for amendment of pleadings to conform with evidence." On April 28, Drake filed a motion for an enlargement of time in which to file a motion for reconsideration of the April 10, 2006 order.

On May 16, 2006, the district court issued an opinion and order: (1) denying Drake's Motion for Reconsideration; (2) denying Drake's Motion for an Enlargement of Time; (3) denying Drake's Motion for Amendment of the Pleadings to Conform with the Evidence; and (4) dismissing Drake's remaining claim for intentional infliction of emotional distress without prejudice. The district court's opinion stated that it denied Drake's motion for reconsideration because it "was not filed within ten days of entry, as required by E.D. Mich. LR 7.1(g)(1). As the court's order was entered on April 10, either party could seek reconsideration no later than ten business days thereafter – i.e., by April 24. Plaintiff missed this filing deadline by one day." On April 10, 2006, the district court entered judgment for the Defendants on Drake's federal claims and dismissed the remaining state

_____

[1]E.D. Mich. LR 7.1(g)(1) requires that "[a] motion for . . . reconsideration must be filed within 10 days after entry of the judgment or order."
.

claim without prejudice.

On May 26, 2006, Drake filed another motion for reconsideration of the district court's April 10, 2006 order. On June 1, 2006, the district court denied Drake's motion for reconsideration as untimely, again for the reason that it was not filed within ten days of the April 10, 2006 order. On June 6, 2006, Drake filed a notice of appeal from the district court's June 1, 2006 order.

## II. Analysis

### A. Drake Did Not Plead Claims of Gross Negligence and Abuse of Process

Drake first argues that the district court erred in dismissing as time-barred by the statute of limitations his claims of: (1) excessive force; (2) gross negligence; and (3) abuse of process. We review the district court's statute of limitations determination de novo. *See Wolfe v. Perry*, 412 F.3d 707, 713 (6th Cir. 2005). Drake contends that the statute of limitations for these claims began to run when he was *acquitted* of the criminal charges against him on December 17, 1999–rather than the date of his arrest, on November 4, 1998. Drake thus argues that his initial complaint, filed in state court on November 6, 2002, was properly filed within the three-year statute of limitations.

With respect to Drake's arguments relating to claims of gross negligence and abuse of process, the Defendants respond that Drake did not plead these claims in his First Amended Complaint. They further contend that we may not consider these claims on appeal, as these claims were not pleaded below. We agree.

The district court's April 10, 2006 order granting summary judgment in part for the Defendants did not address claims of gross negligence or abuse of process. This was for good reason, because our review of Drake's First Amended Complaint indicates that he did not allege these claims. Although Drake pleaded a claim for abuse of process in his original complaint filed

in state court, that complaint is a nullity, because an amended complaint supercedes all prior complaints. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). It follows that any defects in Drake's First Amended Complaint cannot be repaired by prior complaints. *See Parks v. Fed. Express Corp.*, 1 Fed. App'x 273, 277 (6th Cir. 2001). Because claims for gross negligence or abuse of process were not incorporated in Drake's only "live" complaint, we will not consider them.

## B. Drake's Excessive Force Claim is Time-Barred

Although Drakes's First Amended Complaint did plead an excessive force claim, this claim, however, was time-barred by Michigan's three-year statute of limitations, and, as such, was properly dismissed by the district court.

Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)). We have held that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of *when* that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (emphasis added); *see also Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace v. Kato*, 127 S.Ct.

1091, 1095 (2007)).

Drake's arrest on November 4, 1998, then, sets the date from when a § 1983 excessive force claim may accrue. Drake's complaint, however, was not filed until November 6, 2002, in excess of the three years prescribed by Michigan's statute of limitations. So Drake's excessive force claim is presumptively time-barred.

Drake argues that the statute of limitations should be tolled under Michigan's fraudulent concealment statute, Mich. Comp. Laws § 600.5855. Under § 600.5855, the statute of limitations may be tolled where a defendant has concealed the facts giving rise to the cause of action:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred.

Mich. Comp. Laws § 600.5855. The acts constituting fraudulent concealment are "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 851 (6th Cir. 2006) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)).

In support of the notion that the equitable tolling under § 600.5855 should apply here, Drake in conclusory fashion argues that:

> [d]ue to the obstructive and dilatory tactics of the Detroit Police Department in denying the existence of ballistics evidence for many years, and delaying the examination of the evidence[] once [it] admitted [the evidence] did exist[,] [Drake] was unable to establish facts of objective unreasonableness in the police conduct until

-6-

2005.

Equitable tolling is not applicable here. Drake testified at his deposition that he was conscious before, during, and after the time in which he was shot by Officer Spencer, and that he believed–at the time of his arrest–that he was shot without any provocation. Clearly it cannot be said that Drake failed to discover the operative facts of an excessive force claim due to any subsequent conduct by the Defendants. With the Michigan's equitable tolling provision unavailable, Drake's excessive force claim is time-barred by the statute of limitations. *See Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (equitable tolling is "an extraordinary remedy which should be extended only sparingly," and is unavailable unless the plaintiff exercised due diligence in pursuing his claims).

## C. Drake Waived the Issue of Whether He Pleaded a Federal Malicious Prosecution Claim

Drake next argues that the district court erred in "determining the merits of [his] claim[] for malicious prosecution when there were disputed issues of fact to be resolved by the jury." The Defendants respond that the district court never adjudicated the merits of a federal malicious prosecution claim; rather, the district court determined that Drake never alleged a federal malicious prosecution claim in his First Amended Complaint.

In the district court's April 10 order, the district court ordered that the parties submit supplemental briefs, addressing the issue of whether Drake alleged a claim for malicious prosecution, requiring submission to the court within twenty-one days. Drake did not comply with the order, and never submitted the supplemental briefing as ordered by the district court. It is well-settled that an issue not squarely presented to the district court is waived. *See Thurman v. Yellow Freight Systems, Inc.*, 97 F.3d 833, 835 (6th Cir. 1996). It cannot be said that Drake preserved the

issue of whether he pleaded a malicious prosecution claim by failing to respond to the district court's order for briefing on the issue. Accordingly, we deem the issue abandoned and waived.

In any event, Drake effectively admitted that he failed to allege a malicious prosecution claim in a later motion to the district court. Rather than arguing subsequent to the April 10, 2006 order that he pleaded a malicious prosecution claim in his complaint, on April 25, 2006, Drake filed a "Motion for Amendment of Pleadings To Conform with the Evidence," contending that he "should be allowed to amend the pleadings in avoidance of summary judgment, alleging claims of liability for malicious prosecution" under § 1983, and that "[i]n drafting the amended complaint, [Drake] inadvertently omitted the jurisdictional clause that alleged a claim of liability for malicious prosecution." Drake's prayer for relief requested, in part, leave to file a Second Amended Complaint setting forth the "specific elements of . . . [a] claim[] of malicious prosecution." In its May 16, 2006 order denying Drake's motion, the district court noted that the motion "appears to concede that [Drake] never properly alleged malicious prosecution." We agree with the district court.

And even if the issue of whether Drake alleged a federal malicious prosecution claim in his complaint was not waived, our review of Drake's First Amended Complaint reveals that no such claim was pleaded. The complaint contains no count designated "malicious prosecution," and contains no allegation of malicious prosecution in the counts designated "Violation of Constitutional Rights" (Count I) or "Violation of Civil Rights" (Count III). In fact, the words "malicious prosecution" appear only once within the count designated "Duty to Conduct a Fair and Just Investigation" under the Michigan Constitution (Count IV) in Paragraph 111: "These Defendants have directly and proximately caused Plaintiff to suffer loss of income, humiliation, malicious prosecution, and loss of self-esteem, extreme mental and physical anguish which are ongoing and

continuing." This cursory reference to malicious prosecution, buried within a count arising under the Michigan Constitution, does not provide fair notice to the Defendants of a *federal* malicious prosecution claim, even under liberal notice pleading. *See* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (stating that notice pleading requires that a complaint provide "the defendant fair notice of what the claim is and the grounds upon which it rests") (quotations and alterations omitted). Further, the complaint does not even contain a formulaic recitation of the elements of a federal malicious claim, which would by itself not constitute sufficient pleading. *See id.* at 1964-65 ("[A] formulaic recitation of the elements of a cause of action will not do[.]") Thus, we find no merit to Drake's argument that there were disputed issues of fact regarding a malicious prosecution claim.

**D. The District Court's Denial of Leave to File an Amended Complaint was not an Abuse of Discretion**

Drake next argues that the district court abused its discretion in denying him leave to file a second amended complaint. We review a district court's order denying a plaintiff leave to file an amended complaint for abuse of discretion. *Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003). The district court in its May 16, 2006 order denied Drake's motion for amendment of the pleadings because the court "already granted summary judgment for defendants on plaintiff's § 1983 and § 1985 claims."

Drake offers no explanation for why the district court abused its discretion in denying leave to amend his complaint other than his summary contention that amendment of the pleadings "should be liberally granted where justice so requires." But justice does not so require here. We have

repeatedly held that allowing amendment after the close of discovery creates significant prejudice. *See Leary*, 349 F.3d at 907; *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 835 (6th Cir. 1999). As the Defendants argue in response, Drake's motion for amendment of the pleadings was filed on April 25, 2006, four years after the original complaints were filed, four months after the date ordered for all motions other than motions in limine to be filed, four months after the close of discovery, and two weeks after the district court granted in part Defendants' motion for summary judgment. Accordingly, the district court was well within its discretion in denying Drake's motion for amendment of the pleadings.

### E. The Deposition Testimony of David Balash is Irrelevant

Finally, Drake argues that the district court erred in granting summary judgment on his federal claims without considering the deposition of his expert, David Balash. He argues that the testimony of Balash is relevant to "the comparable credibility of the officers" against Drake.

In its May 16, 2006 order, the district court explained its basis for denying Drake additional time to obtain the deposition transcript of Balash:

> Plaintiff does not explain, and the court cannot fathom, why this or any other deposition transcript is needed to support a motion for reconsideration of the court's April 10, 2006, order, or to comply with the deadline specified in that order for the submission of supplemental briefs on the issue of whether plaintiff has alleged a claim for malicious prosecution and whether such a claim is sustainable. No deposition transcripts or other evidence are needed in order to address this issue. Plaintiff has failed to show cause for the requested enlargement of time, and the request is therefore denied.

As discussed above, all of Drake's federal claims asserted in his First Amended Complaint were either time-barred or not pleaded in the first instance. Because the district court properly granted summary judgment for the Defendants without considering the merits of Drake's federal

-10-

claims, the deposition testimony of Balash is irrelevant, and we accordingly find no error.

### III. Conclusion

For the reasons stated above, we **AFFIRM** the district court's June 1, 2006 order denying Drake's motion for reconsideration.