[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 06-12953 & 06-13184
Non-Argument Calendar

_____

D. C. Docket No. 04-22856-CV-AJ

JUAN MANUEL PINTADO,

Plaintiff-Appellant,

versus

MIAMI-DADE HOUSING AGENCY,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 25, 2007)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This case presents the question of whether the district court is divested of

subject-matter jurisdiction when a plaintiff amends his complaint so as to omit the federal law claim that originally gave rise to the federal court's supplemental jurisdiction of the plaintiff's remaining state law claims.  Because we find that the district court lacked jurisdiction over the case after the plaintiff amended his complaint, we vacate the summary judgment order and remand this case to the district court to be dismissed without prejudice.

## I.  BACKGROUND

Appellant Juan Manuel Pintado filed his original complaint in the Southern District of Florida alleging the Miami-Dade Housing Authority ("MDHA") had violated (1) Florida's Whistle-blower Act, Fla. Stat. Ann. § 112.3187; (2) Florida's Civil Rights Act, Fla. Stat. Ann. § 760.01, et seq.; and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  The complaint alleged that the district court had supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367.

After the MDHA moved for summary judgment on all counts, Pintado moved to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) in order to "drop his federal law claim under Title VII . . . so that he may continue to pursue only his state law claims."  The district court granted the motion to amend, and Pintado filed an amended complaint asserting only violations of state

2

law. Although no violation of federal law was alleged in the amended complaint, Pintado continued to claim that the district court had supplemental jurisdiction over the case.

The district court granted summary judgment to MDHA on both state law claims. In its order, the district court acknowledged that Pintado's amended complaint did not contain a federal law claim, but concluded that the court retained supplemental jurisdiction over the remaining state law claims. After Pintado's motions for a new trial, amended judgment, and recusal were denied, he filed this appeal.

## II. STANDARD OF REVIEW

Whether we or the district court have subject-matter jurisdiction to decide this case is a question of law to be reviewed de novo. Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001).

## III. DISCUSSION

Before deciding the merits of a case, we must ensure that we have jurisdiction. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004). The district court properly had jurisdiction of the case after Pintado filed his first complaint. The Title VII claim was properly before the district court, and the state law claims were part of the same nucleus of

3

operative facts that allows the district court to assert supplemental jurisdiction over them in accord with 42 U.S.C. § 1367. See United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966).

Once Pintado amended his complaint, however, there no longer was a federal law question upon which supplemental jurisdiction could rest. The question before us is whether the district court continued to possess subject-matter jurisdiction over Pintado's state law claims after he amended his complaint to no longer include any federal law claim.

The statute authorizing supplemental jurisdiction specifies that a district court "*may decline* to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added). A district court therefore has the discretion to continue to exercise jurisdiction over state law claims in a case even after dismissing the federal claim that created the original jurisdiction. See Palmer v. Hosp. Auth., 22 F.3d 1559, 1568 (11th Cir. 1994). If Pintado's amended complaint were analogous to a district court dismissal of Pintado's federal claims, then it would be within the district court's discretion to continue to exercise supplemental jurisdiction over Pintado's state law claims. However, this analogy does not hold.

4

As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bang AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). In this case, once the amended complaint was accepted by the district court, the original complaint was superceded and there was no longer a federal claim on which the district court could exercise supplemental jurisdiction for the remaining state law claims.

In a similar situation, the Supreme Court recently held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. __, 127 S. Ct. 1397, 1409 (2007). Rockwell concerned, in part, whether the Court should look at the plaintiff's original complaint or the amended complaint to determine if certain statutory jurisdictional prerequisites were met. Id. at 1408-09. The Supreme Court concluded that the withdrawal of allegations in an amended complaint which had formed the basis of federal jurisdiction defeats jurisdiction. Id.

5

Rockwell cites two other circuits in support of this proposition. In Wellness Cmty. Nat'l v. Wellness House, 70 F.3d 46 (7th Cir. 1995), the plaintiff filed an original complaint in federal court alleging both state and federal claims and then amended the complaint to only include the state law claims. Id. at 48. The district court concluded that it could exercise supplemental jurisdiction because the original complaint had asserted a federal question. Id. at 48-49. The Seventh Circuit reversed on appeal because the amended complaint had superseded the original complaint and thus "there was no federal claim to which [the] state claims could be 'supplemental.'" Id. at 50. In Boelens v. Redman Homes, Inc., the Fifth Circuit also found that jurisdiction must be determined by looking at the amended complaint and concluded that "the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction." 759 F.2d 504, 506-08 (5th Cir. 1985).

Although this circuit has not addressed this issue in a published opinion,[1] we follow Rockwell and agree with the Fifth and Seventh Circuits that we must look to Pintado's amended complaint to determine whether we have subject-matter jurisdiction.[2] When Pintado amended his complaint and failed to include a Title

---

[1] This issue has been addressed in an unpublished case. Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897 (11th Cir. 2007) (unpublished).

[2] Cases removed from state to federal court under 28 U.S.C. § 1447(c) are treated differently. In those cases, the district court must look at the case at the time of removal to

6

VII claim or any other federal claim, the basis for the district court's subject-matter jurisdiction ceased to exist, and the district court should have dismissed Pintado's state claims without prejudice. See Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) (noting that if a "district court determines that subject[-]matter jurisdiction over a plaintiff's federal claims does not exist, [the] court[] must dismiss a plaintiff's state law claims.").

## IV. CONCLUSION

Because we find that the district court did not have subject-matter jurisdiction over Pintado's state-law claims, we **VACATE** the summary judgment order and **REMAND** the case to be dismissed without prejudice.

---

determine whether it has subject-matter jurisdiction. Later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction. See Poore v. America-Amicable Life Ins. Co. of Tex., 218 F.3d 1287 (11th Cir. 2000) (holding that the district court erred in not determining whether the amount in controversy necessary to create diversity jurisdiction was met at the time of removal); Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd., 311 F.3d 1087 (11th Cir. 2002) (extending Poore and holding that the district court must determine whether a federal question exists at the time of removal using the original complaint rather than after removal under an amended complaint that dropped the federal claim). The Supreme Court noted that "removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment." Rockwell Int'l Corp., 549 U.S. at __ n.6, 127 S.Ct at 1409 n.6 (2007).