[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12587
Non-Argument Calendar
_____

D. C. Docket No. 99-00173-CV-RLV-4


BAYSHORE FORD TRUCKS SALES, INC.,
HEINTZELMAN'S TRUCK CENTER, INC.,
LJL TRUCK CENTER, INC.,
PEACH STATE FORD TRUCK SALES, INC.,
VALLEY FORD TRUCK SALES, INC.,
Individually and as Representatives for a
Class of Similarily Situated Entities,

                                        Plaintiff-Appellees,

WESTGATE CLASS,

                                        Intervenor Plaintiff-Appellee,

                    versus

FORD MOTOR COMPANY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(November 10, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

The district court dismissed this case for lack of jurisdiction on the ground that our decision in <u>Pintando v. Miami-Dade Housing Agency</u>, 501 F.3d 1241 (11th Cir. 2007), mandated the dismissal. Appellant challenges the court's decision, arguing that <u>Pintando</u> is inapposite. We agree that it is.

In <u>Pintando</u>, the plaintiff invoked the district court's federal question jurisdiction, 28 U.S.C. §§ 1331 and 1343, by seeking relief under Title VII of the Civil Rights Act of 1964, and the court's supplemental jurisdiction, 28 U.S.C. § 1367, by seeking relief for violations of state law. After the defendant moved for summary judgment, the plaintiff moved the court for leave to amend his complaint. The court granted his motion, and he filed an amended complaint which deleted the Title VII claim and reasserted the state law claims. The court granted the defendant summary judgment on the state law claims, and the plaintiff appealed. We held that the amended complaint deprived the district court of supplemental jurisdiction; plaintiff's <u>voluntary</u> abandonment of the Title VII claim operated to divest the court of its federal question jurisdiction and with it the court's supplemental jurisdiction to litigate the state law claims.

In the case at hand, and as we observed in <u>In re Bayshore Ford Truck Sales,</u>

2

Inc., "[a]t the time the law suit was filed, the [district] court had subject matter jurisdiction based on the [plaintiffs'] federal statutory claims." 471 F.3d 1233, 1241 n.16. After the court involuntarily dismissed plaintiffs' claims under the Automobile Dealers' Day in Court Act, the fact that plaintiffs, in their amended complaint, voluntarily deleted the claims brought under the Robinson-Patman Act, did not preclude the court from continuing to exercise its supplemental jurisdiction over plaintiffs' state law claims. Id.

We see no difference in the instant scenario than a scenario in which the plaintiff's complaint contains one federal claim and one state law claim within the court's supplemental jurisdiction, and the court dismisses the federal claim under Fed. R. Civ. P. 12(b)(6), (c), or 56 and then decides, in the exercise of the discretion § 1367 affords it, to litigate the state law claim to judgment. We could not say that the court lost its subject matter jurisdiction once it dismissed the federal claim. Take the scenario one step further and suppose that the court, after announcing that it was retaining jurisdiction, allows the plaintiff to amend its complaint to restate the state law claim. Would this destroy the court's jurisdiction? We think not. That is, in effect, what occurred here – what we observed in In re Bayshore Ford Truck Sales, Inc. – plaintiffs amended their complaint, reasserting their state law claims, after the court dismissed

3

involuntarily one of their federal statutory claims. If the district court is correct – that it lost jurisdiction once plaintiffs amended their complaint to restate their state law claims – then this court, in In re Bayshore Ford Truck Sales, Inc., surely missed the mark; it should have vacated the district court's order enjoining Westgate Ford Truck Sales, Inc. from prosecuting the Ohio class action, and instructed the district court to dismiss the case for lack of jurisdiction. This court was fully aware of the fact that, at the time the case came before it on appeal, the only claims still pending before the district court were plaintiffs' breach of contract claims; yet, it proceeded to entertain, and adjudicate, the appeal on the merits.

The district court properly exercised its supplemental jurisdiction after involuntarily dismissing plaintiffs' claims under the Automobile Dealers' Day in Court Act. The fact that plaintiffs amended complaint did not contain their Robinson-Patman Act claims did not oust the court of supplemental jurisdiction. The judgment of the district court is vacated and the case is remanded for further proceedings.

**VACATED and REMANDED.**