[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

_____

No. 09-12934
Non-Argument Calendar

_____

D. C. Docket No. 08-00479-CV-ORL-35-KRS

LYSANNE AUGER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Lysanne Auger filed suit against the United States under the Federal Tort Claims Act. Plaintiff was born in Canada to a woman who should have had American citizenship. Plaintiff was initially denied her own citizenship. In June 2004, Plaintiff received a citizenship. Plaintiff sues for the denial of her citizenship, to which she was entitled from birth. Seeing no reversible error, we affirm.

Plaintiff's grandmother was an American citizen who moved to Canada to marry a Canadian. Plaintiff's mother was born in Canada and denied citizenship. When Plaintiff's mother, pregnant with Plaintiff, attempted to cross the border, she was denied. Plaintiff was born in Canada.

Plaintiff spent time in the United States growing up, although some of the time was spent here illegally. Plaintiff was deported while attending school. Plaintiff attempted to correct the situation and to get a United States citizenship but was initially denied. In 2003, Plaintiff's mother was able to get an American passport. In 2004, Plaintiff received her American passport.

The District Court dismissed the suit based on the statute of limitations. Section 2401(b) states that a tort claim under the FTCA "shall be forever barred

unless it is presented in writing . . . within two years after such claim accrues." The District Court assumed that the injury accrued in 2004, when the Department of State acknowledged the errors. Under the FTCA, a Plaintiff must file an administrative claim with the appropriate agency within two years. Plaintiff filed a claim with the Department of Treasury in 2006, but the Department of State was the proper agency. The District Court acknowledged that there might have been other grounds supporting summary judgment, but it did not reach those grounds in its opinion.

We review the dismissal of a case on summary judgment de novo. Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1242 (11th Cir. 2007). We may affirm the District Court "on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Rowell v. BellSouth Corp., 433 F.3d 794, 797-98 (11th Cir. 2005).

The FTCA is a limited waiver of sovereign immunity. We narrowly construe that waiver and are careful not to expand it. Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008). Plaintiffs may file a claim under the Act where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred." 28 U.S.C. § 1346(b)(1).

The statute of limitations begins when the injury is inflicted, not when the plaintiff learns that they have been injured. United States v. Kubrick, 100 S. Ct. 352, 360 (1979)("We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted. . . . To excuse him from promptly [filing] by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.") The District Court used the May 2004 date as when the injury accrued, in the interest of construing the facts in the light most favorable to Plaintiff.

The District Court relied in part on our unpublished opinion Trupei v. United States Department of Justice, 239 Fed. Appx. 489, 492 (11th Cir. 2007). Trupei was a medical malpractice case. In medical malpractice cases, we use a modified rule because the plaintiff may not be aware of the injury and the facts establishing a causal link between the malpractice and the injury may be in the control of the tortfeasor. Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999). This case is not a medical malpractice case, and so the exception does not apply.

Assuming Plaintiff was injured in a legally cognizable way, the injury

4

happened more than two years before Plaintiff filed an administrative complaint with the Department of Treasury. Plaintiff contends that the wrongful acts began in 1948 (before Plaintiff was born), continued in 1987, and existed continuously from 1994 until 2002. Notwithstanding that this conduct involved Plaintiff's mother, the latest alleged wrongful conduct occurred in 2002: more than two years before Plaintiff filed a claim with the Department of Treasury.[*]

Plaintiff alleges no wrong to her in 2004 -- she contends that she learned of her claims in 2004. Plaintiff was on notice that she was injured well before 2004; Plaintiff's persistent, well-informed attempts to get a passport show that she knew she was wrongfully excluded. Unlike the medical malpractice exception, the potential tortfeasor was not in the sole possession of information indicating either injury or the causal link between the tortfeasor's conduct and the injury.

Defendant's last alleged wrongful deprivation of rights occurred in 2002. Plaintiff filed an administrative claim in 2006. Because this period is greater than the two year statute of limitations, Plaintiff's claim is barred.

AFFIRMED.

---

[*]We do not reach whether Plaintiff's incorrect filing by itself was sufficient to deny relief.