[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 09, 2010
JOHN LEY
CLERK

No. 10-12097
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cv-00057-RH-WCS

BOBBY RAY GRADY,

Plaintiff-Appellant,

versus

THERESA E. BAKER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 9, 2010)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Bobby Ray Grady, a person civilly committed in the state of Florida,[1] appeals the dismissal of his *pro se* civil rights complaint against Dr. Theresa Baker, filed pursuant to 42 U.S.C. § 1983. Because Grady was properly advised that his amended complaint would replace all previous complaints, his argument that the district court erred in failing to consider his original complaint is without merit. Grady also abandoned his arguments related to his actual confinement and any Eighth Amendment violations because he failed to allege any facts suggesting that he was denied procedural due process. Additionally, Grady alleged that Baker violated state law and that he was entitled to damages pursuant to state law, thus he failed to allege any violation of his federal substantive due process rights. Because Grady failed to allege any facts supporting a § 1983 claim, the district court did not err in dismissing his complaint for failure to state a claim. We therefore affirm the order of the district court.

*Background*

Grady filed a *pro se* § 1983 action against Baker, a senior psychologist employed at Florida State Hospital ("FSH") where Grady is confined. Grady

---

[1]Grady was committed to the Florida Department of Children and Families in connection with state criminal case number 07CFO19581A. It is uncertain whether Grady was found not guilty by reason of insanity, or whether charges remain pending and he is committed because he is not competent to stand trial.

alleged that Baker committed perjury, falsified court records, and misused her authority to prevent his release from FSH. Grady claimed that Baker's actions violated his Eighth and Thirteenth Amendment rights, "U.S. Law," "U.S.C. Art. 6," and Fla. Stat. §§ 916.15 and 916.16. Grady requested $500,000 in damages, and that FSH terminate Baker.

The magistrate judge ordered Grady to file an amended complaint. The judge noted how the original complaint failed to allege a constitutional violation or present any facts showing how Baker harmed Grady. The judge instructed Grady what elements were necessary for him to prove a claim against Baker pursuant to the Eighth Amendment. The judge also told Grady that filing an amended complaint would completely replace all previous complaints.

Grady filed an amended complaint. According to Grady, Baker submitted clinical findings in state court that were false, exaggerated, perjurious, and designed to prevent Grady's "release from the hospital." Grady alleged that Baker's false medical reports constituted perjury and violated the Fifth and Eighth Amendments to the U.S. Constitution, as well as Florida law governing mentally ill defendants. Grady argued that an evaluation done by Dr. Michael Maher proved that Baker's report was false. He further argued that he was deprived of due process because Maher took Baker's false report into account when he

3

recommended that Baker not be released from FSH. Baker again requested relief in the amount of $500,000, and that Baker's position be terminated. He also requested the ability to "construct a method to improve hospital practices."

The district court dismissed Grady's complaint for failure to state a claim, noting that Baker was immune from civil liability for preparing the report because the report was akin to testimony. The court concluded that Grady failed to present a valid claim that Baker violated his Eighth Amendment rights by rendering her medical opinion, noting that Grady failed to allege that Baker was deliberately indifferent to Grady's medical needs or a risk to his safety, or that she failed to provide him with care. The court also noted that Grady could not use a § 1983 claim to challenge his confinement. The court did not, however, discuss Grady's claim that his due process rights were violated.

On appeal, Grady argues that the district court erred in not considering his original complaint. He states his amended complaint was misconstrued because he never intended to challenge Baker's medical opinion and report, but only her "unlawful conduct, practice, and performing illegally and unconstitutionally as defined by Florida State laws." Grady asserts that his constitutional rights were violated because FSH did not comply with Florida law regarding mental health treatment, and accordingly argues that he is entitled to damages for Baker's

actions pursuant to Fla. Stat. § 394.459(10). Grady also notes that he did not seek to challenge his confinement in filing the complaint.

*Discussion*

We review a district court's decision to dismiss a prisoner's complaint for failure to state a claim *de novo*. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation omitted). In evaluating the sufficiency of a plaintiff's pleadings we "make reasonable inferences" in the plaintiff's favor, but the court is not required to accept the plaintiff's legal conclusions. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S.199, 215, 127 S. Ct. 910, 920 (2007).

"Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997) (citation omitted). Section 1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. *Id*. at 1513 (citing *Baker v. McCollan*, 443 U.S. 137, 145–46, 99 S. Ct. 2689, 2695 (1979)). A successful 42 U.S.C. § 1983

action requires that the plaintiff "show [that he or] she was deprived of a federal right by a person acting under color of state law." *Id*. (citation omitted).

An official violates an involuntarily civilly committed person's Eighth Amendment rights when the official is deliberately indifferent to their serious medical needs. *Dolihite v. Maughon By and Through Videon*, 74 F.3d 1027, 1041 (11th Cir. 1996). Thus, to prevail on his Eighth Amendment claim for damages under § 1983, Grady must prove "(1) a condition of confinement that inflicted unnecessary pain or suffering, (2) the defendant's 'deliberate indifference' to that condition, and (3) causation." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (internal citations omitted).

A violation of either procedural or substantive due process may also form the basis for a civil rights suit under § 1983. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc). The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process "entitles an individual to notice and some form of hearing before state action may finally deprive him or her" of a liberty interest. *See Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). An actionable constitutional

6

violation arises "only when the state refuses to provide a process sufficient to remedy the procedural deprivation . . . ." *McKinney*, 20 F.3d at 1557.

Substantive due process, on the other hand, protects against "government interference with certain fundamental rights and liberty interests." *Williams v. Att'y Gen. of Ala.*, 378 F.3d 1232, 1235 (11th Cir. 2004) (citation omitted). "[T]he involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom from bodily restraint, and minimally adequate or reasonable training to further the ends of safety and freedom from restraint." *Dolihite*, 74 F.3d at 1041 (citing *Youngberg v. Romeo*, 457 U.S. 307, 324, 102 S. Ct. 2452, 2462 (1982)). Because substantive due process rights are created only by the U.S. Constitution, rights created by state law are not entitled to this protection. *McKinney*, 20 F.3d at 1556.

In this case, Grady filed an amended complaint, which he was advised would supercede his original complaint. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam). Thus Grady's argument that the district court erred by failing to consider his original complaint is without merit.

Grady's amended complaint can liberally be construed to raise the following claims: (1) that Baker committed perjury; (2) that Baker's report wrongfully

resulted in his continued confinement; (3) that Baker was deliberately indifferent to his medical needs, in violation of the Eighth Amendment, as her report increased the severity of his mental illnesses; and (4) that Baker's report resulted in violations of Grady's due process rights. The district court analyzed Grady's first three claims, finding that: (1) to the extent that Baker did commit perjury in preparing her report, Grady could not undermine that testimony by filing a civil rights action; (2) that Grady could not challenge his actual confinement in a § 1983 action; and (3) that Grady failed to allege that Baker was deliberately indifferent to his medical needs or safety or that she failed to provide him with care. The district court did not analyze Grady's potential due process claims.

On appeal, Grady abandons his second and third claims. While we read briefs filed by *pro se* litigants liberally, issues that a *pro se* litigant does not brief on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citations omitted). First, Grady concedes that he did not attempt to challenge his actual confinement in his amended complaint. Additionally, although mentioned in his amended complaint, Grady failed to raise any argument in his appellate brief related to Baker's deliberate indifference or any other potential violation of the Eighth Amendment. Accordingly, to the extent that Grady raised these issues below, he has abandoned them on appeal.

Grady argues repeatedly in his amended complaint and his brief to this Court that Baker acted unprofessionally and committed perjury, in violation of his constitutional rights and in violation of Florida law. The remedy for false testimony in a judicial proceeding "is criminal prosecution for perjury and not expanded civil liability and damages." *See Rehberg v. Paulk*, 611 F.3d 828, 840 (11th Cir. 2010) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1287 n.10 (11th Cir. 1999)). Thus, the district court did not err in concluding that Grady failed to state a § 1983 claim based on Baker's perjury.

Reading Grady's complaint liberally, the only remaining claims raised in the amended complaint are due process claims. Grady does not allege that he was denied notice, a hearing, or post-deprivation review, but only that Baker's false report tainted the review process. Taking Grady's allegations as true, he has failed to state any facts suggesting that he was deprived of his right to procedural due process. *See Cryder*, 24 F.3d at 177; *McKinney*, 20 F.3d at 1557.

Similarly, Grady has not alleged any facts to support a claim that his substantive due process rights were violated. In his amended complaint, Grady argues that he was wrongfully kept in civil confinement as a result of Baker's fabricated report, which liberally construed could raise a "liberty interest" due process claim. *See Dolihite*, 74 F.3d at 1041. However, Grady's amended

9

complaint and appellate brief repeatedly allege that Baker's intentional lies in her clinical summary violated Florida law, and that he is entitled to recovery based on Florida law. Because Grady seeks to challenge his rights under Florida's Mental Health Act, and because Florida law provides Grady with a remedy for these alleged violations of state law, the rights that he alleges were violated are not federal rights. Accordingly, he did not allege sufficient facts to show a violation of his substantive due process rights. *See McKinney*, 20 F.3d at 1556; *Almand*, 103 F.3d at 1512.

Although the district court failed to analyze Grady's potential due process claims, we may affirm the district court on any ground supported by the record. *Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004). The district court dismissed Grady's amended complaint for failure to state a claim. For the aforementioned reasons, we find that Grady did not allege any set of facts that would support a § 1983 claim. Because the district court did not err in dismissing Grady's complaint, we affirm.

**AFFIRMED.**