[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12373
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00544-WTH-TBS

CLARENCE D. SCHREANE,

Plaintiff-Appellant,

versus

S.A. MIDDLEBROOKS,
Warden, USP Coleman #1, individual capacity, et al.,

Defendants,

MR. F. SANTOES,
Unit Manager, USP Coleman #1, individual capacity,
HARRELL WATTS,
Administrator National Inmate Appeals, BOP Central Office,
JEFF CAMPBELL,
Southeast Regional Office Attorney, BOP,
LEE GREEN,
Administrator - Hearing Officer, BOP,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 2, 2013)

Before TJOFLAT, MARTIN and PRYOR, Circuit Judges.

PER CURIAM:

Clarence D. Schreane, a federal prison inmate proceeding *pro se*, appeals the

District Court's *sua sponte* dismissal, pursuant to 42 U.S.C. § 1997e, of his

amended complaint ("Amended Complaint) under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d

619 (1971), alleging that defendant prison officials violated various of Schreane's

constitutional rights.  Schreane argues that the court erred in failing to consider the

claims in his initial complaint ("Initial Complaint") as well as those in his

Amended Complaint in making its dispositive ruling.  Schreane also argues that the

court abused its discretion in denying his motion to compel the production of

evidence.  We affirm.

I.

Section 1997e(c) states that in a suit brought by a prisoner:

> The [district] court shall on its own motion or on the motion of a party
> dismiss any action brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility if the court is

2

satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1).

We review *de novo* a § 1997e(c)(1) dismissal for failure to state a claim, applying the standard we use in reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (reviewing *de novo* and applying the Rule 12(b)(6) standard to a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A); *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (reviewing *de novo* and applying the Rule 12(b)(6) standard to a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). At the dismissal stage, the district court must accept as true all of the factual allegations in the complaint. *Id.* at 678, 129 S. Ct. at 1949. Moreover, the court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Federal Rule of Civil Procedure 15 states that "[a] party may amend its pleading once as a matter of course," and then requires "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). Rule 15 does not discuss the effect of an amended pleading on the previous pleading; however,

3

Middle District of Florida Local Rule 4.01 states that "[u]nless otherwise directed by the [district court], any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein." M.D. Fla. L.R. 4.01. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Once the district court accepts the amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quotation omitted).

While we liberally construe the filings of *pro se* plaintiffs, the Supreme Court has stated that it "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993). In *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001), a *pro se* prisoner filed a § 1983 complaint followed by an amended complaint, and when he moved for leave to file a third amended complaint, the district court denied leave to amend and dismissed the case. 251 F.3d at 1347. On appeal, we noted that Northern District of Florida Local Rule 15.1 deemed as abandoned

4

"[m]atters not set forth in the amended pleading," and accordingly limited review to the third amended complaint. *Id.* at 1347 n.1 (quotation omitted). We stated that the fact that a plaintiff "filed his complaint pro se does not change the effect of the local rule." *Id.*

Schreane's Initial Complaint asserted various constitutional claims against seventeen defendants, including claims relating to a disciplinary hearing, conviction, and Schreane's subsequent segregation, as well as other, unrelated claims. After filing his Initial Complaint, Schreane moved to amend his complaint. The District Court granted the motion, but ordered Schreane to file the amended complaint on the civil rights complaint form for prisoners. On the civil rights complaint form, Schreane listed only four defendants, one of whom was a defendant in the Initial Complaint, and he re-asserted only the factual allegations relating to his disciplinary hearing, conviction, and segregation. He mentioned in passing defendants whom he had named only in his Initial Complaint, but focused on the four defendants named in the Amended Complaint. The court dismissed Schreane's Amended Complaint without prejudice under 42 U.S.C. § 1997e, noting that Schreane was proceeding on an Amended Complaint.

Schreane makes no argument on appeal as to the district court's dismissal of the claims contained in his Amended Complaint, arguing only that the district court erred by failing to consider all of his claims, including those raised in his Initial

Complaint.  Accordingly, he has abandoned that issue, and we need not address it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (deeming as abandoned issues that a *pro se* litigant fails to brief on appeal).

The district court did not err in considering Schreane's Amended Complaint to supersede his Initial Complaint.  Rule 15 does not explicitly address the effect of an amended complaint on the initial complaint, but Local Rule 4.01 states that an amended pleading must incorporate all amendments.  M.D. Fla. L.R. 4.01; *see also* Fed. R. Civ. P. 15.  Moreover, we have determined that an amended complaint supersedes the initial complaint unless the amended complaint "specifically refers to or adopts" the initial complaint.  *Varnes*, 674 F.2d at 1370 n.6.

Schreane's Amended Complaint did not "specifically refer to or adopt" the Initial Complaint, nor did it incorporate the Initial Complaint as required by Local Rule 4.01 and our precedent.  *See Varnes*, 674 F.2d at 1370 n.6; M.D. Fla. L.R. 4.01.  Schreane's status as a *pro se* plaintiff does not excuse his failure to incorporate his Initial Complaint into his Amended Complaint as required by Local Rule 4.01.  *See McNeil*, 508 U.S. at 113, 113 S. Ct. at 1984; *Bilal*, 251 F.3d at 1347 n.1.  Accordingly, we affirm the district court's dismissal of Schreane's Amended Complaint.

II.

We review the district court's discovery decisions for an abuse of discretion. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999).   In this case, nothing in the Federal Rules of Civil Procedure required the District Court to grant Schreane's production of evidence request prior to the court's determination that his Initial Complaint or his Amended Complaint stated a claim for relief.  The court therefore did not abuse its discretion in denying his request for production.

AFFIRMED.