[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  17-10314
Non-Argument Calendar
_____

D.C.  Docket No.  1:16-cv-04585-TWT

ANNIE J.  ASHMENT,

Plaintiff-
Counter Defendant-
Appellee,

versus

JOSEPH B.  MCCARTHY,

Defendant-
Third Party Plaintiff-
Counter Claimant-
Appellant,

JOHN DOEPKER,

Third Party Defendant,

BRAD MACDONALD,

Third Party Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 27, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Joseph McCarthy, proceeding pro se, appeals from the district court's order remanding his case to state court for lack of subject matter jurisdiction.  McCarthy contends that the case was properly removed under 28 U.S.C. §1443, which allows for removal under narrow circumstances where necessary for the protection of civil rights.  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

This case is the product of a divorce.  Annie Ashment, McCarthy's ex-wife, filed a contempt action against him in the Superior Court of Cobb County, Georgia.  She alleged that McCarthy was in willful contempt for failing to pay child support and legal fees associated with the couple's earlier divorce decree.

In his notice of removal, McCarthy contended the case was removable under 28 U.S.C. §§ 1331, 1441, 1443, and 1446, because it raised issues of federal law and constitutional rights.  He argued that the state court contempt proceeding

2

violated his liberty interests and parental rights, and that the attempt to collect debts from him violated the Fair Debt Collection Practices Act.  McCarthy alleged that the judge presiding over the contempt case in state court had been biased against him during the divorce proceedings and in earlier contempt actions.  He claimed that the judge would likewise be biased in this current contempt case.  As a result, he asserted that removal was proper under 28 U.S.C. §1443 because he would not be able to enforce his civil rights in state court.

The district court concluded that it did not have subject matter jurisdiction, and it remanded the case to state court.  It held that there was no federal question jurisdiction. It also held that there was no diversity jurisdiction and, if there otherwise would have been, the domestic relations exception applied.  But the court's order was silent as to removal under 28 U.S.C. §1443.

A district court's remand order is ordinarily not reviewable on appeal.  28 U.S.C. §1447(d).  But 28 U.S.C. § 1447(d) makes an exception for § 1443, allowing appellate review where a remand order is challenged under that provision.

As a result, our review here is limited to the district court's implicit determination that there was no jurisdiction under 28 U.S.C. §1443, which we consider de novo.  Castleberry v. Goldome Credit Corp., 408 F.3d 773, 780–81 (11th Cir. 2005).  Any other review of the remand order is barred.  See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317,

3

1319 (11th Cir. 2001) (noting § 1447(d) shields most remand orders based on lack of subject matter jurisdiction from appellate review).

Under § 1443 a defendant may remove a civil action initiated in state court to a federal district court if the action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof." 28 U.S.C. §1443(1).  A removal notice filed under § 1443(1) must satisfy the two prong test developed in Georgia v. Rachel, 384 U.S. 780, 792, 794, 86 S. Ct. 1783, 1790–91 (1966).  First, the party seeking removal must show that the right relied upon "arises under a federal law providing for specific civil rights stated in terms of racial equality." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting Rachel, 384 U.S. at 792, 86 S. Ct. at 1790).  Second, he "must show that he has been denied or cannot enforce that right in the state courts." Id.

McCarthy cannot show that the first prong of the Rachel test is met because he does not assert that Georgia state courts denied him a right under federal law "stated in terms of racial equality." Id. at 1295.  He alleges in his removal notice that his constitutionally protected parental rights, liberty interests, and rights to a

4

fair and impartial judiciary have been violated.[1]  But this Court has explicitly held

that the protections conferred by § 1443 do not extend to general due process,

equal protection, and judicial bias claims or other rights that are "of general

application available to all persons or citizens."  Id. at 1295–99.[2]  To the extent

McCarthy relies on these "rights of general application," his claim for removal

under § 1443 fails.[3]  Id.

Because McCarthy cannot satisfy the first prong of Rachel, there is no basis

for removal under § 1443.

**AFFIRMED.**

---

[1] The district court looks at the case at the time of removal to determine whether it has subject matter jurisdiction.  Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007).  Because McCarthy's answer, defenses, counterclaim, and third party complaint were not filed at the time of removal, the district court correctly did not consider them in its analysis.  Id.  In any event, it is Ashment's complaint that matters for removability purposes. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined according to the plaintiff's pleading . . . .") (internal quotation marks omitted).  As a result, McCarthy's claims have no bearing on the decision to remand.  See id.

[2] McCarthy's other argument — that grounds for removal exists under § 1443 because the attempt to collect money from him through the contempt proceeding is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. — has been abandoned, as it was not raised in his appeal.  AT&T Broadband v. Tech Commc'ns., Inc., 381 F.3d 1309, 1320 n.14 (11th Cir. 2004) ("Issues not raised on appeal are considered abandoned.").

[3] McCarthy invites us to overrule the "racial equality" requirement of Rachel.  But the prerogative to overrule Supreme Court precedent belongs to the Supreme Court alone.  State Oil Co. v. Kahn, 522 U.S. 3, 20, 118 S. Ct. 275, 284 (1997); see also Evans v. Sec'y Fla. Dep't of Corr., 699 F.3d 1249, 1263 (11th Cir. 2012) ("The [Supreme] Court has told us, over and over again, to follow any of its decisions that directly applies in a case, even if the reasoning of that decision appears to have been rejected in later decisions and leave to that Court the prerogative of overruling its own decisions.").