[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15550
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01541-ELR

ASO HOLDINGS INC,

Plaintiff-Appellee,

versus

MELINDA SETENYI,
and all other occupants,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 20, 2018)

Before WILSON, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Melinda Setenyi appeals *pro se* the remand of an action to dispossess filed by ASO Holdings, Inc., following its removal to the district court by Setenyi. The district court remanded the action to state court for lack of subject matter jurisdiction. Setenyi argues she was entitled to remove the action under 28 U.S.C. § 1443, which allows removal under narrow circumstances when necessary to protect civil rights. We affirm.

ASO Holdings purchased Setenyi's residence in a non-judicial foreclosure sale and then filed an action in a Georgia court to dispossess Setenyi. Setenyi answered that she did not share a landlord-tenant relationship with ASO Holdings and did not owe it rent. Later, Setenyi filed an amended answer that added the defense that ASO Holdings was "not entitled to evict [her] or secure a money judgment for the . . . reason [that would constitute a] violation of Civil Rights Act of 1866, 14 Stat. 27." Setenyi filed a notice of removal that alleged the action was removable as "'arising under' federal law," 28 U.S.C. § 1331, that "ASO Holdings [was acting] in violation, deprivation, encroachment and invasion upon Civil Rights," and that it filed the "eviction complaint . . . in an effort to separate itself from an ongoing conspiracy and white color crime . . . ."

The district court adopted the recommendation of a magistrate judge to remand the action to dispossess to state court. The district court ruled that there was no federal question jurisdiction because ASO Holdings did not raise a federal

2

claim in its complaint and because Setenyi's reliance on federal law as a defense was insufficient to confer jurisdiction.

We review *de novo* whether a district court has subject matter jurisdiction. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007). Ordinarily, we cannot review a decision to remand an action to state court, but we have jurisdiction to review the decision to remand when removal is predicated on section 1443. 28 U.S.C. § 1447(d). We must determine whether remand was appropriate based on an implicit finding that grounds did not exist for removal under section 1443. *See Alabama v. Conley*, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001). The district court must remand the case at any time before final disposition if the court determines it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Setenyi failed to allege grounds for removal under section 1443. A defendant may remove a civil action from a state court to the district court if the action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof." *Id.* § 1443(1). To remove her case under section 1443(1), Setenyi had to allege that the right she relied on "arises under a federal law providing for specific civil rights stated in terms of racial equality" and that she had been denied or cannot enforce that right in the state courts. *Conley*, 245 F.3d at 1295, 1298 (quoting *Georgia v. Rachel*, 384

3

U.S. 780, 792, 804–05 (1966)). That ASO Holdings filed an action to evict Setenyi did not directly conflict with or violate her rights under the Civil Rights Act. Setenyi alleges that the action to dispossess is in "violation . . . [of] her Civil Rights," but "broad contentions . . . cannot support a valid claim for removal," *Rachel*, 384 U.S. at 792. Furthermore, Setenyi did not allege that she would be denied or cannot enforce her civil rights in a Georgia court. Setenyi's allegations were insufficient to support removal under section 1443.

**AFFIRMED.**

4