[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13665
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-03195-TWT


JAMES NATHANIEL DOUSE,

Plaintiff-Appellant,

versus

METRO STORAGE, LLC,
METRO SELF STORAGE / DUNWOODY STORAGE, LLC,
METRO STONE MOUNTAIN, LLC,
METRO SANDY SPRINGS, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 14, 2019)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

James Douse, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint for lack of subject matter jurisdiction. He argues that the district court erred in dismissing his complaint because he established federal question and diversity jurisdiction. As to federal question jurisdiction, he argues that he alleged a federal claim under the Federal Tort Claims Act, specifically, 28 U.S.C. § 2679, and 42 U.S.C. § 1983. He also alleges, for the first time on appeal, violations of federal consumer laws and his Fourth and Fourteenth Amendment rights. As to diversity jurisdiction, he alleges that he established diversity of citizenship.

Whether a district court has subject matter jurisdiction to decide a case is a question of law to be reviewed *de novo*. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007). A district court has an independent obligation to determine whether subject matter jurisdiction exists even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When it determines that it does not have subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*

A district court has original jurisdiction to hear two types of cases. *See* 28 U.S.C. §§ 1331, 1332. First, a district court has jurisdiction over all civil actions that involve a federal question, or, in other words, claims that arise under the Constitution, laws, or treaties of the United States. *See id.* § 1331. A district court

2

may dismiss a federal question claim for lack of subject matter jurisdiction when: (1) the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction;" or (2) the claim is "wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998).

Second, a district court has jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). A corporation is considered a citizen of every state where it is incorporated and where it has a principal place of business. *See id.* § 1332(c)(1). Diversity of citizenship is assessed at the time the lawsuit is commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

To state a claim under 42 U.S.C. § 1983, the plaintiff must show that he "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* To state a claim under the Federal Tort Claims Act, the plaintiff must, at the very least, allege a claim against the United States and submit that claim to the appropriate federal agency for a denial of the claim before he is permitted to file in the district court. *See* 28 U.S.C. §§ 2674, 2675.

3

Additionally, a party waives his right to challenge on appeal an argument that he failed to raise before the district court. *See Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009). Further, we will not entertain arguments that are raised for the first time in a reply brief. *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).

Here, as an initial matter, Douse has waived any argument regarding violations of federal consumer laws and his Fourth and Fourteenth Amendment rights because he did not raise them before the district court and, instead, raised them for the first time in his reply brief.

As to his other claims, the district court did not err in determining that Douse did not establish federal question jurisdiction. Douse did not state a claim under 42 U.S.C. § 1983 because Metro Storage, LLC ("Metro Storage") is not a state actor and the harm to him arose from purely private conduct. Similarly, he did not state a claim under 28 U.S.C. § 2679, or, more generally under the Federal Tort Claims Act, because the United States is not a party to the litigation. Further, Douse's claims predominantly involve Georgia contract, negligence, and landlord/tenant law, as demonstrated by his numerous references to those areas of law in his complaint, and his brief, passing references to his federal claims demonstrate that they are immaterial and made for the purpose of obtaining jurisdiction in federal court.

4

Moreover, the district court did not err in determining that Douse did not establish diversity jurisdiction.  He admitted in his complaint that he was a resident of Georgia and that Metro Storage had its principal place of business in Georgia, and in doing so, he acknowledged that there was no diversity of citizenship. Accordingly, we affirm.

**AFFIRMED**.