**Melvin G. REED, Plaintiff–Appellant,**

v.

**ADM/ARTCO, Defendant–Appellee.**

No. 02–5570.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Melvin G. Reed, a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 2000e (Title VII). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking reinstatement to his job, Reed sued ADM/ARTCO contending that he was terminated on March 8, 2000, after the company sent a private investigator to his apartment to collect information demonstrating that he is gay. Reed states that he continues to be harassed by the company. Reed filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) on February 22, 2002. The EEOC notified Reed on March 2, 2002, that his charge would not be investigated as the charge was untimely.

Reed then filed a complaint with the district court. The district court dismissed the action for Reed's failure to exhaust his administrative remedies and because the EEOC application was barred by the applicable statute of limitations. In his timely appeal, Reed asserts that he has been

subjected to harassment, that he is not making rambling allegations, that he has a right to present his case, that his case is not frivolous, that no one would help him file his EEOC complaint, and that he was unable to get to the company's headquarters in Missouri to file an EEOC complaint.

The district court's judgment is reviewed de novo. *See Southwest Williamson County Cmty, Ass'n. v. Slater,* 173 F.3d 1033, 1035 (6th Cir.1999).

The district court properly dismissed Reed's complaint. A plaintiff must typically file a timely discrimination charge with the EEOC in order to bring a Title VII lawsuit. *Alexander v. Local 496, Laborers' Int'l Union of N. Am.,* 177 F.3d 394, 407 (6th Cir.1999). The applicable statute of limitations begins to run on the day of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). Title VII states that a discrimination charge must be filed within 300 days after the alleged unlawful employment practice occurred. *Id.*

However, the Supreme Court has held that the 300 day limitation for filing a charge with the EEOC is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). This circuit has repeatedly cautioned that equitable tolling relief should be sparingly granted. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000). In determining whether equitable tolling of the EEOC filing period is appropriate in a given case, the court has consistently taken into consideration the following five factors: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ig-

norant of the particular legal requirement for filing his claim. *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998). The decision on whether to toll a period of limitations must be decided on a case by case basis. *Id.*

Although Reed was terminated from his position on March 8, 2000, he did not file his EEOC complaint until February 22, 2002, nearly two years after the alleged discrimination occurred. Further, Reed provides no explanation as to why it took nearly two years for him to file an EEOC complaint. As Reed does not provide any explanation which would excuse his untimeliness, the district court did not err in dismissing Reed's complaint for failure to timely file an EEOC complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C). Rules of the Sixth Circuit.