Betty NEAL, Plaintiff,

v.

SHELBY COUNTY GOVERNMENT
COMMUNITY SERVICES
AGENCY, Defendant.

No. 2:08–02160–JPM–dkv.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 29, 2011.

Maureen T. Holland, Holland & Associates, PLLC, Memphis, TN, for Plaintiff.

Hite McLean, Jr., Law Office of Hite McLean, Maureen T. Holland, Holland & Associates, PLLC, Memphis, TN, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS OF RACE DISCRIMINATION

JON P. McCALLA, Chief Judge.

Before the Court is Defendant Shelby County Government Community Services Agency's ("Shelby County" or "Defendant") Motion to Dismiss Plaintiff's Claims of Race Discrimination (Docket Entry ("D.E.") 43), filed July 22, 2011 ("Def.'s Mot."). Plaintiff responded in opposition on August 22, 2011 ("Pl.'s Resp."). (D.E. 46.) Defendant replied on September 23, 2011 ("Def.'s Reply"). (D.E. 55.)

For the following reasons, Defendant's Motion is GRANTED.

## I. BACKGROUND

Defendant is an agency of the Shelby County, Tennessee, Government. Defendant hired Plaintiff, a black female, in 1987 as a Clerical Specialist B, then-pay grade 8, which Plaintiff performed until 2007 when she was promoted to Clerical Specialist A, pay grade 38. (Am. Compl. (D.E. 42) ¶¶ 3, 5.) In February 2004, Plaintiff applied for the position of Counselor C, then-pay grade 14. (*Id.* ¶ 6.) In May 2004, Defendant hired a white female for the position of Counselor C. (*Id.* ¶ 8.) Plaintiff alleges that she was more experienced than the white female hired. (*Id.*) Plaintiff alleges that she was racially discriminated against and was denied the Counselor C

position because she is African–American. (*Id.* ¶ 9.) Plaintiff complained to Defendant about the alleged racial discrimination and filed an internal grievance. (*Id.* ¶ 10.) Plaintiff alleges that

> [a]fter complaining, Plaintiff began to suffer retaliatory behavior by the Defendant including two written unwarranted disciplines; required move of her office to a new location during inclement weather; extremely poor office conditions including lack of ventilation, dirty and unsanitary conditions, plaster failing [sic] on her, and bugs; and failure of Defendant to give her proper telephone lines necessary for her to perform her job duties. Plaintiff complained about the extremely poor conditions of her office including that she had respiratory health conditions which required proper ventilation, but Defendant provided no resolution to these problems.

(*Id.* ¶¶ 11, 12.)

Plaintiff filed an EEOC charge on May 13, 2005, and, after receiving her right to sue letter on December 19, 2007, filed a *pro se* complaint in this Court on March 11, 2008, alleging that Defendant failed to promote her and harassed her in retaliation for protesting discrimination on the basis of race. (*Id.* ¶ 13; D.E. 1.) On July 7, 2011, Plaintiff, now represented by newly retained counsel, filed an Amended Complaint adding claims of racial discrimination in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* and as amended, and in violation of 42 U.S.C. § 1981. On July 22, 2011, Defendant filed a motion to dismiss, asking the Court to dismiss Plaintiff's claims of race discrimination. (D.E. 43.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 630 (6th Cir.2009) (*quoting Iqbal,* 129 S.Ct. at 1949).

The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 902–03 (6th Cir.2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences ... and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* at 903 (citations and quotation marks omitted).

■ "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School,* 597 F.3d 812, 816 (6th Cir.2010) (citing *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir.2008)).

## III. ANALYSIS

### A. Factual Allegations the Court May Consider

■ As an initial matter, the Court notes that, for purposes of determining Defendant's motion to dismiss, it may not consider the factual allegations contained in Plaintiff's original complaint or her re-

sponse in opposition to Defendant's motion. The Sixth Circuit follows the general rule that "[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir.1997). Moreover, an amended complaint supersedes any previous complaints and, therefore, allegations contained in a previous complaint may not be used to repair any defects in a subsequent amended complaint. *Parks v. Fed. Express Corp.*, 1 Fed.Appx. 273, 277 (6th Cir.2001). Thus, the Court may only consider the allegations contained within Plaintiff's Amended Complaint in determining Defendant's Motion to Dismiss.

## B. Racial Discrimination

Defendant moves to dismiss Plaintiff's claims of racial discrimination. Defendant rests its motion on four arguments: (1) Plaintiff's failure to check the box for racial discrimination on her EEOC charge precludes bringing racial discrimination claims; (2) the EEOC charge was not timely filed; (3) Plaintiff may not sue a state actor such as Shelby County directly under 1981; and (4) Plaintiff's § 1981 claims are barred by a one-year statute of limitations. The Court will address each argument in turn.

### 1. Failure to Check the Box

■ The purpose of the exhaustion of administrative remedies prerequisite is to give the employer notice of its potential liability. *Scott v. Eastman Chem. Co.*, 275 Fed.Appx. 466, 470–71 (6th Cir.2008). The requirement "is not meant to be overly rigid, nor should it result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading." *Id.* at 471 (internal quotation marks omitted). A plaintiff's EEOC charge is to be liberally construed to encompass all claims "reasonably expected to grow out of the charge of discrimination." *Id.* Where facts related to the charged claim would prompt the EEOC to investigate a different, uncharged claim, a plaintiff is not precluded from bringing suit on that claim. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir.1998).

■ Plaintiff argues that the EEOC charge contained every specific fact contained in her federal lawsuit, and the EEOC's investigation included the racially discriminatory behavior of the Defendant. Thus, Plaintiff contends that Defendant should have reasonably expected a claim of race discrimination to grow out of the EEOC investigation. "The general rule is that a plaintiff may file suit only in regard to the claims asserted in the EEOC charge and those within the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Scott*, 275 Fed.Appx. at 471. The Court finds that Plaintiff's EEOC charge, liberally construed, prompted the EEOC to investigate claims of race discrimination. Thus, Plaintiff's complaint alleging racial discrimination is not precluded by her failure to check the box for racial discrimination on the EEOC charge form.

### 2. EEOC Charge Was Not Timely Filed

■ A plaintiff must typically file a timely discrimination charge with the EEOC in order to bring a Title VII lawsuit. *Reed v. ADM/ARTCO*, 57 Fed.Appx. 682, 683 (6th Cir.2003). The applicable statute of limitations begins to run on the day of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). Title VII states that a charge of discrimination must be filed within 300 days after the alleged unlawful employment practice occurred. *Id.* "Discrete discriminatory acts

are not actionable [under Title VII] if time-barred." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The Supreme Court has held that a "discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Id.* at 110, 122 S.Ct. 2061. Thus, the clock begins to run on the date the alleged discrimination occurred and the charging party was notified of it. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 259–62, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Plaintiff alleges that a white female was hired instead of Plaintiff in May 2004. Plaintiff does not allege when she was notified of this decision. Consequently, the Court cannot determine the date on which the clock began to run on Plaintiff's EEOC filing period so as to determine whether Plaintiff's May 13, 2005, EEOC charge was timely filed. Under the pleadings as they stand, Plaintiff's Amended Complaint does not contain sufficient factual matter to survive a motion to dismiss.

Plaintiff argues, however, that the actions taken by Defendant were part of an ongoing violation constituting a hostile work environment. Plaintiff contends that she experienced racially discriminatory behavior over a period of years, up to and continuing through the filing of the EEOC charge on May 13, 2005. As such, Plaintiff avers that her filing is not untimely.

Title VII "does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability." *National R.R. Passenger Corp.*, 536 U.S. at 118, 122 S.Ct. 2061. Given that "the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of [a] single claim." *Id.* In this situation, "[i]n order for the charge to be timely, the employee need only file a charge within 180 or 300 days of *any act* that is part of the hostile work environment." *Id.* (emphasis added). This argument obligates the Court to decide whether P's claim is predicated on an ongoing violation of a hostile work environment.

The Sixth Circuit recognizes two "narrowly limited" categories of continuing violation. *Baar v. Jefferson Cnty. Bd. of Educ.*, 311 Fed.Appx. 817, 823 (6th Cir.2009). The first is "'where the plaintiff can show prior [wrongful] activity that continues into the present,' and the second is 'where the plaintiff can show a long-standing and demonstrable policy of discrimination.'" *Bowerman v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 646 F.3d 360, 366 (6th Cir.2011) (citing *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir.2003)) (alteration in original). The Sixth Circuit has noted that a "good example" of the first category of continuing violations "is a hostile-work-environment claim that is based on the cumulative effect of individual acts and that manifests itself over time, not at any one moment." *Baar*, 311 Fed. Appx. at 824 (internal citation and quotation marks omitted). With respect to the second category of continuing violations, in order to establish a longstanding and demonstrable policy of discrimination, a plaintiff "must demonstrate something more than the existence of discriminatory treatment in his case." *Austion v. City of Clarksville*, 244 Fed.Appx. 639, 647 (6th Cir.2007) (citing *Haithcock v. Frank*, 958 F.2d 671, 679 (6th Cir.1992)). A plaintiff must show that "the employer's 'standing operating procedure' included intentional discrimination against the class of which plaintiff was a member." *Id.* (citing *Sharpe v. Cureton*, 319 F.3d 259, 269 (6th Cir.2003)). Unrelated incidents of discrimination will not suffice to invoke this excep-

tion; rather there must be a continuing over-arching policy of discrimination. *LRL Props. v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1106 (6th Cir.1995). This exception is generally strictly construed and will not be found except where "the defendant has a known policy or rule supporting discrimination." *Austion,* 244 Fed.Appx. at 647. After reviewing the complaint and taking all allegations contained therein as true, the Court finds that the complaint fails to demonstrate that Shelby County maintained a "standard operating procedure" of discriminating against African–Americans. Plaintiff's ongoing violation argument must proceed, if at all, under the first category of ongoing violations, which comprises hostile work environment claims.

 A plaintiff establishes a prima facie case of racial discrimination based upon a hostile work environment by showing that (1) the plaintiff was a member of a protected class; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was race-based; (4) the harassment unreasonably interfered with the plaintiff's work performance by creating an environment that was intimidating, hostile, or offensive; and (5) the employer was liable for the harassing conduct. *Scott v. G & J Pepsi–Cola Bottlers, Inc.,* 391 Fed.Appx. 475, 477–78 (6th Cir.2010) (citing *Clay v. United Parcel Serv., Inc.,* 501 F.3d 695, 706 (6th Cir.2007)). Factors to be weighed include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys. Inc.,* 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). "Ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasion-

al teasing" are not actionable. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Likewise, occasional insults, teasing, or episodic instances of ridicule are not enough to create liability because they do not permeate the workplace and change the nature of employment. *Id.* at 788, 118 S.Ct. 2275. The harassment must be pervasive enough to create an environment a reasonable person would find hostile and the plaintiff must believe it to be so. *Harris,* 510 U.S. at 21–22, 114 S.Ct. 367.

 The more severe the incidents, the less pervasive and frequent they need to be to create a hostile work environment. *Rabidue v. Osceola Ref. Co.,* 805 F.2d 611, 620 (6th Cir.1986) "The harassment should be ongoing"; mere "isolated instances" are insufficient. *Clark v. United Parcel Serv., Inc.,* 400 F.3d 341, 351–52 (6th Cir.2005) (holding that three instances of harassment over a period of approximately two and a half years were insufficient to be severe or pervasive, but that seventeen instances during the same time period were sufficient to reverse the District Court's grant of summary judgment in favor of the defendant). Cases in the Sixth Circuit are not quick to find a racially discriminatory hostile work environment. *See, e.g., Hill v. Nicholson,* 383 Fed.Appx. 503 (6th Cir.2010) (African–American employee failed to establish that he was subject to severe or pervasive harassment where alleged harassment did not humiliate or intimidate the employee; most of supervisor's actions involved mere work-related criticisms and heightened performance expectations; and supervisor's actions were neither physically invasive nor racially suggestive); *Barrett v. Whirlpool Corp.,* 556 F.3d 502 (6th Cir. 2009) (alleged harassment against Caucasian employee was insufficiently severe or pervasive where employee experienced ep-

ithets, racist comments, and graffiti that were not directly harassing toward Caucasian employee; Caucasian employee experienced only rude comments, the directing of desirable work away from employee, and being treated coldly by coworkers); *Russell v. Univ. of Toledo*, 537 F.3d 596 (6th Cir.2008) (isolated comments by black nurse's co-workers shortly after nurse was hired, stating that she would not have received her job but for university's adherence to affirmative action principles, not sufficiently pervasive or severe, in absence of any other comments or conduct by employees at center that were shown to be racially-based, to support "hostile work environment" claim by nurse); *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695 (6th Cir.2007) (harassment of African–American employee did not rise to level of severity or pervasiveness that would unreasonably interfere with employee's ability to work, and thus did not support employee's hostile work environment claim, where employee alleged fifteen incidents spanning two-year period, most of which involved non-actionable offensive utterances).

 Here, Plaintiff has neither alleged nor established that the second category of continuing violations would apply. Beyond the alleged discriminatory hiring of a white female, Plaintiff has not articulated how the "retaliatory behavior" of the Defendant that she experienced after complaining of racial discrimination is itself racially based. (Am. Compl. ¶ 11.) Plaintiff alleges that she was subject to

> retaliatory behavior by the Defendant including two written unwarranted disciplines; required move of her office to a new location during inclement weather; extremely poor office conditions including lack of ventilation, dirty and unsanitary conditions, plaster failing [sic] on her, and bugs; and failure of Defendant to give her proper telephone lines neces-

sary for her to perform her job duties. Plaintiff complained about the extremely poor conditions of her office including that she had respiratory health conditions which required proper ventilation, but Defendant provided no resolution to these problems.

(*Id.* ¶¶ 11, 12.) Plaintiff has not established that these experiences were racially motivated. Plaintiff has also failed to provide the Court with details about these incidents that would allow the Court to conclude that at least one of these incidents was timely for EEOC filing requirements. *See Thompson v. UHHS Richmond Heights Hosp., Inc.*, 372 Fed.Appx. 620, 626 (6th Cir.2010) (where plaintiff did not offer specific incidents—dates, times, full descriptions—of racially-based harassment, *prima facie* case of racially hostile work environment was not met; such evidence is necessary in the absence of direct evidence of discriminatory statements).

Thus, because the continuing violations doctrine does not apply, and Plaintiff has not alleged facts that would allow the Court to conclude that Plaintiff filed a charge alleging that the hiring of a white female for the Counselor C position in May 2004 was a racially discriminatory act within 300 days of its occurrence, she may not bring a claim for racial discrimination under Title VII. Plaintiff's claims of race discrimination in violation of Title VII are DISMISSED.

### 3. State Actors May Not Be Sued Directly Under § 1981

 Although § 1981 "does not expressly afford a cause of action to private parties, the Supreme Court held in *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), that private defendants may be held liable under its provisions." *Arendale v. City of Memphis*, 519 F.3d 587, 594 (6th Cir.2008). The Supreme Court has also held, however,

that § 1981's implicit cause of action does not extend to suits brought against state actors. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 732, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Plaintiff argues that *Jett* was overruled by a 1991 amendment to § 1981, Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071, 1071–72 (1991). Plaintiff further argues that the Ninth Circuit has adopted the analysis that the 1991 amendments overruled *Jett*. Plaintiff concedes, however, that the Sixth Circuit does not join the Ninth Circuit in this analysis. *See Arendale*, 519 F.3d at 594 ("While Plaintiff argues that a 1991 amendment to § 1981 overruled *Jett*, we disagree.") (internal citation omitted). Because a plaintiff in the Sixth Circuit may not sue a state actor directly under § 1981, Plaintiff's claims under that statute are hereby DISMISSED.

**4. Section 1981 Statute of Limitations**

Because state actors such as Shelby County may not be sued directly under § 1981, the Court need not reach the issue of whether a one-year or four-year statute of limitations applies to § 1981 claims in Tennessee.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Claims of Race Discrimination is GRANTED.